IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ERNEST R. YAMICH, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 24 C 7900 |
| BUREAU OF ALCOHOL, TOBACCO, FIREARMS, AND EXPLOSIVES, et al., | ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

  Ernest Yamich, who holds a federally-issued permit to possess and store explosives, has sued to enjoin the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF) from revoking his permit. ATF issued a notice to Yamich in December 2023 stating that it was contemplating revoking his permit and asking him to respond. In January 2024, after Yamich responded, ATF issued a notice revoking the permit. Yamich requested an administrative hearing, and ATF stayed revocation of the permit pending the hearing. When Yamich filed this lawsuit, in late August 2024, the hearing had not yet been conducted. The hearing was held in October 2024.

  ATF and the other named defendants filed a motion to dismiss in December 2024, seeking dismissal for lack of jurisdiction and failure to state a claim. As his basis for jurisdiction, Yamich cites 28 U.S.C. § 1331, but that is not a grant of jurisdiction, there must also be an underlying right to sue. *See, e.g., Aland v. U.S. Dep't of Interior*, No. 23-2415, 2024 WL 2036115, at *2 (7th Cir. May 8, 2024). The only other statute that Yamich cites is the Administrative Procedure Act. Under the APA, "[a] person

suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof." 5 U.S.C. § 702. But the APA requires "final agency action," *id.* § 704, which generally speaking means that the agency has completed its decisionmaking process. *See, e.g., Franklin v. Massachusetts*, 505 U.S. 788, 797 (1992).

At the time Yamich filed the lawsuit, ATF had not completed its decisionmaking process, and thus there was no final agency action as required to permit review under the APA. More recently, in late January 2025, an administrative law judge issued a decision against Yamich, but the agency still has not taken final action, because the ALJ still has to certify the record to ATF, and then ATF has to decide whether to accept the ALJ's decision and revoke Yamich's permit. *See* 27 C.F.R. §§ 771.106, 771.109(a). Once that happens, Yamich will be able to appeal, internally within ATF, and then (or alternatively) to a court, but if and when he goes to court, review is exclusively in the court of appeals, not the district court. *See* 18 U.S.C. § 843(e)(2).

In sum, Yamich's suit was filed prematurely, and it was filed in the wrong court. The Court therefore grants defendants' motion to dismiss [19] and directs the Clerk to enter judgment stating: This case is dismissed for lack of jurisdiction. The telephonic status hearing set for this morning is vacated.

Date: February 19, 2025

                                                MATTHEW F. KENNELLY
                                                United States District Judge